Morning. Good morning. Please record. My name is Michael Langton. I represent Teamsters Local 533 the issue today is Whether or not RTC's primary argument that none of the conversations on the bus are private therefore recording those conversations is not a violation of Nevada law and Posting signs in two languages stating our conversations, or I'm sorry the passengers conversations May be recorded means that there is no surreptitious recordings Therefore according to our seat RTC you do not need to have consent from any of the speakers as required by NRS six 200 point six five zero Well, you've got the collective bargaining Provision allowing new use of technology and to me I am sort of looking like this is a little bit like body cams on police officers. You know that I question whether 200 point six five zero prohibits surreptitious recordings Because how can audio recordings be surreptitious in light of RTC's notice? To employees of its intent to activate the audio recorders and the signs on the bus alerting passengers to the recording So I've got all of those concerns But it's sort of like okay all that the recordings are gonna have is like the truth of what happened So, you know, I can understand why maybe You don't really want to hear people having you swear or maybe you don't but why are people afraid of the truth? With all due respect your honor The body cameras that police officers where they are actually participating in that conversation the statute that is issue here has that as a major component now with I'm not sure. I put this case in my brief because in but if the employees If you know that they're going to be audio recorders and the signs on the bus to learning passengers So, how can that really be secret to anyone else? Okay, there's multiple Components to your question. I believe number one is under the collective bargaining agreement There was provision that was negotiated that said if there's quote new technology Then the employer has a right and under meet and confer Possibly a new technology. It was already on the bus and that's exactly one of my points Is that they when this was negotiated this mobile view camera had that component and at that moment in time when it was negotiated the employer did not say And we reserve the right to add audio now the video has always been Acceptable for numerous reasons which I don't think are necessary to expand on the collective bargaining agreement. Excuse me defines New technology to include present technology Well, that's four point two. Yes, but in my in my view they waived that right when they negotiated Mobile view into the buses, but did not negotiate and audio That would have been a major Condition for my client I can pretty well assure you at that particular point in time back to your honors Callahan judge Callahan's position about the employees there's more than employees on the bus and when the judge said that Based on the plain language of the statute Accurating the audio portion of the mobile view can't mobile view on RTC buses does not violate NRS 200 point six five zero as the recording would not be surreptitious because of the signs or violate the expectations of the Privacy of those on the bus. I Respectfully disagree. First of all, if you are whispering Which is one of the arguments that I made you clearly have an expectation of privacy that that won't be recorded, but when these Audio recordings come on. They don't just capture somebody telling the truth or not telling the truth The issue is and that's the case. I wanted to cite is under Summers versus state 102 Nevada 195 at 200 in 1986 case the court in that case referred to another case and In state V bonds, we held that the warrantless electronic recording of communications from a transmitter type listening device Attached to a police informant, that's your body camera in today's parlance Did not constitute the interception of either a wire communication or an oral communication Consequently, we held the interceptor of such communication need not first secure an order permitting the interception And then they cite NRS 179 440. However, the last sentence of that says such an interception must however satisfy the authorization requirements of NRS 200 point six five zero in other words when you have a body camera or a CI Confidential informant wearing a wire that person is actually participating in the conversation in this scenario what is happening is that the Somebody is sitting miles and miles away Looking at a monitor and saying and listening to what is being said. They clearly are not participating in the conversation I believe in the year that it was negotiated. It was existing technology. This was not invented technology You've already agreed to its use in the CBA, haven't you under limited circumstances, which I believe I just explained and that was video Yes, just a minute. Weren't you given notice of the new usage of the technology? Yes, but so if it's existing technology You've it's agreed to its use under the CBA and now you've given notice of the new usage Why is there a violation? Because it wasn't collectively bargained like it was just a minute. It was already bargained for no It was not exist. It was not exist. I mean you're suggesting it's not new. It's existing you've suggested that you agreed to that in the CBA and Now you were given notice that they were going to use it. It seems to me. That's all the CBA requires with all due respect In I forget the exact year that it was negotiated the con the Technology of audio was part of mobile view when the negotiations were held the union agreed Video yes audio. No the employer never reserved the right to say. Oh, by the way someday in the future and By the way, but just a minute. I guess I have a tough time Understanding that that's the way it is in the record It seemed to me that in the record you agreed to have all this technology put in the buses Well, they didn't say they couldn't put the video in the bus We said they could put this technology in the bus then The CBA was not violated that time you got a chance to argue about it Then you were given a notice of its usage that you'd already agreed was in the technology I'm having a tough time. Well, let me parse it if I may When the negotiations were held The audio existed the employer by the way is MV Transportation not RTC. All right. Okay, and that's an important factor I believe here did not reserve the right and did not say we will put in audio in the buses and That was existing technology That was not negotiated just a minute if they didn't say that they weren't putting audio in the buses then Why is not this implementation of the audio equipment not new technology? It it is not new Why isn't it you say first of all that it is existing and New means that it would have been invented after the Technology that's in the bus, but you don't agree to it. But now they say we're gonna implement it. Why isn't it new? Because it existed at the time the negotiations occurred. Well, it was not invented Well, they can't have it both ways. All I'm trying to do is say what way you're gonna have it It's either existing technology or it isn't Existed at point A and they had the right to say we're going to implement everything at that moment in time having waived that provision Like if you did do it that day then you waived it if you do it on the second day or it's like if you've Signed the CBA, of course But if new technology and by the way, there was no evidence taken in this particular case There was a few affidavits, but no evidence whatsoever That the new technology would have been invented. We didn't used to have electric cars. We used to have only got gasoline cars that is Maybe a weird example, but new means after the fact created not otherwise Okay, okay So when when the judge said Also that the lack of privacy by individuals. I'm on page seven of her Decision are you facing your privacy argument? the bus riders as opposed to Your clients the bus drivers. Oh both. Oh, yes, and I don't know that this was in the briefs But does the Union have standing to raise? Issues on behalf of bus riders. I don't believe that was in the briefs your honor That's correct. I just don't know but I mean, I know that I've seen lawsuits Involving in Los Angeles. Anyway bus riders associations who sued them, but Just curious Pardon me, you don't represent the bus right? No, I do not but the conversations that my clients are involved with involve passengers and My client has refused to get to consent to the recording of it. I don't know what the other passengers do but my clients have been disciplined in fact fired since the implementation of this and that brings me back to the CBA provisions of negotiating discipline When you're going to use an item for discipline of an employee and you haven't negotiated some of the standards in the past Bringing up existing technology that existed then and saying oh now we're going to use it in my view requires Mandatory subject to bargaining under the National Labor Relations Act, which is exactly why when it was filed in state court I moved it to federal court. Of what importance is the decision by the NLRB to that argument? I don't I don't think it has any importance. I think it's a non sequitur. We didn't appeal It was a ULP that we filed that says just because you didn't appeal that says that it should be used against you Why is it that it has no? Importance in this decision. It says this is not a violation. Well with all due respect. I do believe that a regional decision out of 32 Is not going to be persuasive on this court. I think that federal law requires that the NLRB be Involved in it. And yes, it was but I I just don't believe that that's a good Argument on their good case that says what you don't believe I Would have to research your honor. There is no good case That's why I asked you the question, but I don't think it becomes race judicata. We could turn around and file talking about race judicata I'm talking about the influence on me when the NLRB has spoken to the exact question You didn't appeal it I don't have to say race judicata, but it can give some influence in what I'm thinking about that And I look for a case to say one way or the other and nothing says that I can't give at least some influence Unto my decision. So that's why I was asking you. Well In my view and I want to reserve the rest of my time if I may That is not Dispositive of this case because this case turns on NRS 200 point six five zero It's like is it your just one question? Is it your position that the statute the Nevada statute? The two hundred point six five zero. Is it unambiguous? I Believe it is clear that it you believe it's on. Okay. Yes. Okay. All right. Thank you You have a little over a minute for a rebuttal Good Morning good morning. Your honors I'm Debbie Chris Wicker of Woodburn and Wedge in Reno representing the Regional Transportation Commission of Washoe County One important point I think needs to be made here is that Regional Transportation Commission or we call the RTC is the owner of the subject buses it's the owner of the mobile cam view it made a Managerial decision through its board to implement the audio of the mobile view system And it's I think what I think what they're arguing is That RTC had the technology to activate the audio recordings when the collective bargaining agreement was agreed to Why wasn't the decision not to activate the audio recording? Recorders at the time a binding decision requiring bargaining if RTC changed its mind I would have to a couple of points in that your honor one The collective bargaining agreement is very expansive on the technology that MV transportation and RTC are allowed to use The union would like to focus on the new technology aspect, which I think Covers this situation, but also in 4.2 technology rights the company may employ new technology including video systems and Other present or future technologies for the transit industry in order to ensure the safety of the driver and passengers And so it's not just new technology although I think this is a new technology for this application, but all present in future technologies and there was information presented at the board meeting that approved the activation of the audio that Audio recording is in common use in in transit systems across the country. So This isn't new at all It was already installed. Yes, and therefore it's existing He says that he didn't agree Under the CBA then to its use Even though it was existing and it was in the buses He did never agree to its use and that it wasn't enough to give notice That you are going to start using it that you had to renegotiate what's your answer that my answer is that the collective bargain agreement is extremely expansive in the Technology that is allowed to be used under the bargain agreement, and it's not simply just new technology, but under 4.1 f the Company is allowed to introduce new and improved technology machines, etc Under 4.2. They're entitled to use not only new technology, but technology Present or future technologies that are used in the transit industry So the intent of the collective bargain agreement was very expansive to use these technologies And and so the RTC as the owner of the buses when they implement the audio recording It's not a subject of mandatory bargaining with the Union for several reasons one Well, let me ask before you get to that Confer with the Union with respect to the activation of the audio record MV transportation did so and that was up that was found by the investigation by the NLRB decision that they did meet and confer and and Union disagreed but but they did meet and confer is is that in your view sufficient to satisfy the requirements under the collective bargaining agreement absolutely your honor because the The as was shown by the actions taken by the Union and pursuing the NLRB Complaint they were not foreclosed for pursuing any remedies. They might have under the collective bargain agreement however This was not a subject that required mandatory bargaining the NLRB happened to find That they waived the right to bargain that and that's in our briefs, too Well if it was existing, let's just assume if it was existing It did have the capacity to do audio at the time, right? That's correct. It just so if If you knew it was there and it was existing Are you essentially is it your argument that you have that you bargained with the? understanding that it could be turned on at some point or because I'm hearing the appellant argue that Which I don't know why you would agree to having things on there and not expect that they would be turned on but well, I think One point your honor is that the RTC did not bargain with the Union. We own the buses. We own the mobile cam We tell MV Transportation what we want them to do So MV Transportation entered into the collective bargaining agreement with the Union and in doing so they have this extremely Expansive suite of technologies that they're allowed to use and so the fact that you have an existing system whether you want to call it a new technology because it's new to this situation or You want to call it a present technology? The Union has agreed to all of that They just don't like the idea of the microphones being turned on and I think it's important for the the privacy issue Well, actually, I don't think it's important to the privacy issue But it's important fact that the microphone only picks up sounds at the fare box and where the driver is So it's not Secret microphones throughout the bus. It's only the interaction at the fare box with the bus drivers and apparently that's what they don't like It's because it does pick up the truth of what occurs and that's why RTC but so is Can RTC Can RTC record any conversations that take place on the bus or only those in the vicinity of the driver? I think that they could in record conversations if it's done openly and and Not surreptitiously because I don't think that conversations on a public bus are private conversations It's not like in Gooch or in cats where you have an enclosed telephone booth or you have a tent or Our house. It's a public bus and people sit next to each other and talk and I don't think there's any reasonable expectation of privacy on a public bus We can we really don't have to get to privacy. Do we whether it's a private conversation or not? We only have to function about or focus in on Surreptitious You're absolutely right your honor because the Union focuses on this consent provision Well, the consent provision only applies first if it's surreptitious which you know, how can it be surreptitious to the drivers if they're provided notice of it and The passengers if they're provided notices on the buses There even that it is That the audio or video surveillance in the public system is disclosed on Posted signs at the front of the buses. That's absolutely right. Your honor in English and Spanish and There's a whole nother camera and audio system the drive cam that that records audio and video from cameras at the front of the bus The mobile view has several cameras around the bus and just the audio recording at the front of the bus and the reason the RTC Wanted the activation was to resolve disputes about what occurred in that area And so they they made the managerial decision so you would use that though for discipline purposes, right? Well, I potentially RTC would not but MV transportation potentially could and they have a scheme in the collective bargaining Agreement that on how to use recordings and and the union gets a chance to see them and and they have they go through their Whole that makes it a mandatory subject of bargaining and I think I understand you saying that it's not a mandatory subject the activation Yes, your honor and I would say three reasons why I don't think it's mandatory subject of bargaining one is that it's already covered in the collective bargain agreement that these Systems are allowed to be used and what they do with recordings number two If you assume that specifically audio was not Included in that that expansive list There's a sixteen point one waiver provision that if subjects were covered but not specifically mentioned then they waived the right to to mandatorily bargain it and Thirdly, I would say it's not a mandatory subject of bargaining because this is the RTC making a managerial Decision that for their purposes of customer service for their purposes. They want the audio turned on to improve customer service and And there's contractual relationships with MV that MV is subject to to what we want them to do this came up by for declaratory relief because of the assertions made by the Union that turning on the audio would be a criminal violation and also a violation of CBA and so that's how it came to be a Request for declaratory relief, but I don't think Activating the audio would be a subject to mandatory bargaining in these circumstances now there are cases I'm aware of with NLRB where Secret surveillance cameras There's I think four or five NLRB cases where secret surveillance cameras cameras that were not disclosed to the employees were mandatory subjects of bargaining, but I didn't come across any case where an open Surveillance such as an audio-video Maintained by an owner and and and even an employer I haven't seen any cases where found that these were mandatory subjects of bargaining and the district court below found that they were that they were not mandatory subjects of bargaining because you have the the Recording of the truth of what occurs at the fare box and then the mandatory subjects of bargaining were what do you do with that? And how do you handle that and that is covered in the collective bargaining agreement? The last point I'd like to make is the whole reason that The RTC and this is reflected in in the record the whole reason the RTC brought this declaratory relief was the the threat of criminal action and RTC thought it was prudent to get declaratory relief on the issue of NRS 200.650 before activating the audio and and we got that declaratory relief from the district court and I think the statute we we agree with the argument that you look at the plain language of the statute and That looking at the plain language of the statute You have surreptitious Requirement you have the privacy requirement and only if you have a surreptitious recording of a private conversation Do you ever get to the requirement of consent and as is typical in in Nevada law There's there's no relevant cases that are interpreting that statute to to provide any more guidance. Although So if I find for you as it relates to the Nevada statute, is that the only issue I have to answer? Well Yes, and no. Yes in the sense. That's what concerned us the most. I understand that but that we right now have another issue really Is that issue only the consent? Is that the only reason it's before us? Is that has to do with the consent? Because the Union is asserting that consent kind of stands alone as its own Mark when you're doing a last I ask you can I decide this issue merely by saying the Nevada law does not apply? yes, and The we added to our request for declaratory relief the claims under the collective bargaining agreement but I think that That if you decide that what the RTC did does not violate Nevada statutes the RTC is is is happy because the NLRB and their action has also determined that Activation of the audio was not a mandatory subject of bargaining and therefore Foreclosed now we would like you to determine that activation of the audio As a matter of declaratory judgment and uphold the district court does not violate the collective bargaining agreement because that That's why I ask you that is that really an issue. I have to get here. I didn't see that as an issue I got that only as the Then issue as to whether consent has been given that if the law does not apply we're done You know I think It could be resolved in that manner like I don't issue advisory opinions Is what he's asking you it would that merely be advisory at that point no? I think because the the district court had made the determination under section 301 of the Labor Management Relations Act that That the proposed activation of the audio did not violate the collective bargaining agreement Or was not a subject of mandatory bargaining under your Ninth Circuit cases you don't have to be a party to the Collective bargaining agreement to seek declaratory relief that that either an enforcement or non-enforcement of the collective bargaining agreement And so I think it would be helpful to all the parties to have a final resolution from this court Even just affirming what the what the district court did in regards to the collective bargaining agreement But our main concern was the Nevada statute 200 650 if there's no further questions Thank you your honor one of the ironies here I believe would address your judge Smith's question is that RTC is a public entity not covered by the National Labor Relations Act I recently filed a ULP against them and it was dismissed based on the fact that they are not subject to the NLRB when we filed the ULP against MV, that's when they said that it wasn't a Mandatory subject of bargaining because MV was the one that was involved and that's why with all due respect your honor I don't think it applies now in in this particular case Mr. Wicker said that this is improved technology. Nothing was ever improved It was the exact same technology the audio now the drive cams issue is something that was negotiated years ago and when it has audio and video it's Activated either by the driver or by an incident such as slamming on your brakes and it records 10 seconds before and 10 seconds after and everybody knows that it's on there and that's the safety issue. That's the legitimate issue so if the Drivers involved with a beef with the passenger he or she can push the button and therefore that is then recorded Under this the agreement that we've talked about your moved into overtime unless any of the panel has questions I'm gonna call time on you No additional questions, thank you. Thank you for your arguments. Thank you both for your argument this matter will stand submitted the last matter on calendar today for argument is Christopher Christopher Corcoran et al versus CVS Health Corps and CVS Pharmacy Inc Case number one seven dash one six nine nine six
judges: Callahan, N.R. Smith, Olguin